# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE PARTIDA VARGAS, | 1:08-cv-01592 YNP [DLB] (HC) |
| Petitioner, | |
| v. | ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO DISMISS |
| NEIL H. ADLER, Warden, | [Doc. #9] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is challenging a prison disciplinary action, claiming that his due process rights were violated and that the punishment was illegal. The parties have voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

## BACKGROUND[1]

On August 13, 2008, Petitioner was ordered by a counselor to move beds. Petitioner questioned the order but the counselor insisted. Petitioner contends that he tried to move his property to the new bed in compliance with the order but there was another inmate occupying that bed already. When the other inmate refused to change beds, Petitioner returned to his original bed. The next day, Petitioner was placed in the Special Housing Unit (SHU) for nine days. Subsequently,

---

[1] This information is derived from the petition for writ of habeas corpus (Doc. #1).

Petitioner had his preferred housing, visitation, and phone privileges revoked for "refusing to work or accept a program assignment" and "refusing to obey an order of any staff member."

In his petition for writ of habeas corpus, Petitioner alleges two grounds for relief; (1) Petitioner's due process rights were violated because the board lacked sufficient evidence to find him guilty of the offenses; and (2) Petitioner's due process rights were violated because Petitioner's conviction does not comply with BOP Program Statement Section 5270.07 (2)(g).

On March 12, 2009, Respondent filed an FRCP 12(b)(6) motion to dismiss alleging that Petitioner failed to state a claim for which relief can be granted. (Doc. #9). Petitioner filed a Traverse to the motion, (Doc. #10), and Respondent filed a reply. (Doc. #12). It is Respondent's motion to dismiss that will be considered herein.

**DISCUSSION**

The Supreme Court has stated that a Rule 12(b)(6) motion is an inappropriate motion to file in a habeas corpus proceeding. Browder v. Director, Ill. Dept. of Corrections, 434 U.S. 257, 269 n. 14 (1978). However, Rule 4 of the Rules Governing Section 2254 Cases "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated." Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir.1983); see also White v. Lewis, 874 F.2d 599, 602-03 (9th Cir.1989) (meritorious motions to dismiss are permitted by Rule 4).

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. In this case the Court dismisses the petition on its own motion.

Rule 4 is appropriately applied to petitions brought under § 2241. Although Rule 4 and the other Rules Governing Section 2254 Cases were adopted for petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254, Rule 1 of the Rules Governing Section 2254 provides that "[t]he district court may apply any or all of these rules to a habeas corpus petition" where the petitioner is

not in custody under a state-court judgment. Fed. R. Civ. P. 81(a)(2) provides that the civil rules are "applicable to proceedings for. . . . habeas corpus. . . . to the extent that the practice in such proceedings is not set forth in the statutes of the United States and has heretofore conformed to the practice of civil actions." Further, Rule 11 of the Rules Governing Section 2254 Cases states, "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules." The Court has customarily applied Rule 4 in habeas proceedings brought pursuant to both §§ 2254 and 2241.

Although the basis of Respondent's motion is inappropriate in a habeas action, the Court can address Respondent's motion under Rule 4 of the Rules Governing Section 2254 Cases. Therefore, the Court will construe Respondent's motion as a motion to dismiss for failure to state a cognizable federal claim.

Respondent claims that Petitioner's petition fails to state a cognizable federal claim in three instances: (1) Petitioner's due process rights were not violated because no liberty interest was implicated, (Mot. to Dismiss at 3); (2) Petitioner's due process rights were not violated because Respondent's findings were supported by "some evidence," which meets the constitutional standard applicable to disciplinary hearings in a prison setting, (Mot. to Dismiss at 5); and (3) Petitioner's due process rights were not violated because the disciplinary sanction used was consistent with the Bureau of Prison's program statement. (Mot. to Dismiss at 4).

<u>Whether there was a liberty interest implicated</u>

<u>Sandin v. Conner</u>, 515 U.S. 472 (1995), examined the question of "whether disciplinary confinement of inmates itself implicates constitutional liberty interests" and found that "Conner's discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." <u>Id</u>. at 486. In deciding whether Conner's punishment implicated a liberty interest, the Court undertook factual analysis comparing the conditions of "inmates inside and outside disciplinary segregation," and found that Conner's segregation "did not work a major disruption in his environment." <u>Id</u>. Respondent claims that because the petitioner's segregation in <u>Sandin</u> did not rise to the level of deprivation necessary to implicate a liberty interest then there is no way that Petitioner's loss of preferred housing privileges,

visitation, and phone privileges could meet the standard. This argument is flawed because Sandin held that no liberty interest was implicated only after conducting a factual inquiry into the specifics of the case. The Court did not find that, as a matter of law, administration segregation does not constitute "the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." Id. If Petitioner can prove that his deprivation was so atypical and significant when compared to the conditions enjoyed by his fellow inmates that it warrants constitutional protection, then habeas relief might well be granted.

Whether Respondent's findings were supported by "some evidence"

Respondent argues that if the disciplinary actions taken against Petitioner do implicate a liberty interest, he still fails to state a claim that the record lacks "some evidence" to support the disciplinary board's conclusions. Findings of the disciplinary board must be supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 454-56 (1985). The "some evidence" standard "does not require examination of the entire record.... Instead the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56.

Even though the entirety of the record need not be fully examined, the record does have to be examined to some extent to determine whether "some evidence" supports the conclusions of the disciplinary board. Petitioner claims that he is innocent of the infractions for which he was found guilty; in order to find out whether there is "some evidence" in the record to support the board's finding of guilt, the Court will need to examine the record thus bringing this determination outside of the purview of 12(b)(6). The standard of a 12(b)(6) motion is not whether Petitioner should obviously lose the case, but whether, under no set of facts, could Petitioner prevail. If an examination of the record fails to produce "some evidence" that Petitioner refused "to work or accept a program assignment" and refused "to obey an order of any staff member," then he could conceivably be granted the relief sought.

Whether the disciplinary sanction was consistent with the Bureau of Prison's program statement

Petitioner was found guilty of "refusing to work or accept a program assignment" and "refusing to obey an order of any staff member." In Ground Two of his petition, Petitioner contends

that the fact that he was convicted of both charges violates BOP Program Statement § 5270.07 (1)(d) because they are virtually the same prohibited act in that they involve the same time, person, place, and offense. Respondent argues that this section is not applicable because Petitioner was issued loss of preferred housing, visitation, and phone privileges but the section only governs consecutive disciplinary segregation sanctions.

Section 5270.07(1)(d), entitled "Disciplinary Segregation," provides that "[c]onsecutive disciplinary segregation sanctions can be imposed and executed for inmates charged with and found to have committed offenses that are part of different acts only. Separate sanctions may be imposed for separate acts or offenses. Acts are different or separate if they have different elements to the offenses." Petitioner states that he was placed in segregated housing for nine days before the disciplinary board revoked his preferred housing, visitation, and phone privileges. In order for Section 5270.07(1)(d) to be applicable, the segregation must have occurred as a result of Petitioner being found guilty of an offense. Petitioner was placed in the SHU on August 14, 2008, the day after he was not able to move beds, and was informed that charges were pending against him. (Pet., attached Institution Administrative Remedy Appeal 2008086-F1; Doc. #1, 10.) On August 19, 2008, Petitioner appeared before the UDC to give his testimony regarding the incident. Id. Some time there after, on a date not specified in the pleadings, the UDC found petitioner guilty of the aforementioned charges and imposed the loss of preferred housing and loss of phone and visitation privileges sanctions as punishment. Id. It seems clear that Petitioner was held in the SHU while awaiting determination of the charges against him and not as punishment for any charges for which he had been convicted. Because petitioner was not issued disciplinary segregation sanctions as a result of being found guilty of committing two arguably identical offenses, Section 5270.07(1)(d) is not applicable to him and he therefore fails to state a claim upon which relief can be granted in Ground Two.

**CONCLUSION**

Petitioner states a claim for which relief can be granted as to Ground One. Petitioner fails to state a cognizable federal claim as to Ground Two; thus, Ground Two must be DISMISSED.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Respondent's Motion to Dismiss is GRANTED with regards to Ground Two and DENIED with regards to Ground One.

IT IS SO ORDERED.

Dated:   February 24, 2010          /s/ Dennis L. Beck
                                    UNITED STATES MAGISTRATE JUDGE