UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE PARTIDA VARGAS, | 1:08-cv-01592 MJS HC |
| Petitioner, | ORDER DISMISSING PETITION DUE TO PETITIONER'S FAILURE TO FOLLOW COURT ORDER |
| v. | |
| | [Doc. 20] |
| NEIL H. ADLER, Warden, | |
| Respondent. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. Local Rule 305(b).

On October 23, 2008, Petitioner filed a petition for writ of habeas corpus. On March 1, 2010, the Court issued an order directing respondent to file an answer to the petition. (Or. Directing Resp't to Answer, ECF No. 15.) On March 25, 2010, the order served on Petitioner was returned by the U.S. Postal Service as undeliverable. On April 15, 2010, the Court issued an order reassigning the present matter to Magistrate Judge Michael J. Seng and served the order on Petitioner. (Reassignment Order, ECF No. 19.) On April 28, 2010, the order served on Petitioner was returned by the U.S. Postal Service as undeliverable. On May 7, 2010, the Court issued a order to show cause why the petition should not be dismissed due to Petitioner's failure to prosecute the present matter. (Order to Show Cause, ECF No. 20.) On May 24, 2010, the order served on Petitioner was returned by the U.S. Postal Service as

1 undeliverable.

2       Local Rule 183(b) requires a party appearing in propria persona to keep the Court
3 apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent
4 part:

5         If mail directed to a plaintiff <u>in propria persona</u> by the Clerk is
returned by the U.S. Postal Service, and if such plaintiff fails to
6         notify the Court and opposing parties within sixty-three (63) days
thereafter of a current address, the Court may dismiss the action
7         without prejudice for failure to prosecute.

8  In the instant case, over sixty-three (63) days have passed since Petitioner's mail was
9 returned as undeliverable, and he still has not notified the Court of a current address.

10       In determining whether to dismiss an action for lack of prosecution, the court must
11 consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the
12 court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public
13 policy favoring disposition of cases on their merits; and (5) the availability of less drastic
14 alternatives. <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423-24 (9th Cir. 1986); <u>Carey v. King</u>,
15 856 F.2d 1439, 1440-41 (9th Cir. 1988). The Court finds that the public's interest in
16 expeditiously resolving this litigation and the court's interest in managing the docket weigh in
17 favor of dismissal as this case has been pending since October 23, 2008. The Court cannot
18 hold this case in abeyance indefinitely based on Petitioner's failure to notify the Court of his
19 address. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal,
20 since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting
21 an action. <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public
22 policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor
23 of dismissal discussed herein. Finally, given the Court's inability to communicate with
24 Petitioner based on Petitioner's failure to keep the Court apprised of his current address, no
25 lesser sanction is feasible.

26 ///

27       Accordingly, the Court hereby orders that this action be dismissed without prejudice for
28 Petitioner's failure to prosecute.

U.S. District Court
E. D. California
-2-

**ORDER**

IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED without prejudice; and

2. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

Dated:   July 16, 2010                     /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE